Exhibit "B"

**PRELIMINARY CERTIFICATE OF TITLE**

TO:   Thomasville National Bank         Live Oak Pond, LLC
      Attention: Bert Hodges      and   P. O. Box 638
      P. O. Box 1999                    Thomasville, GA 31799
      Thomasville, GA 31799

    This is to certify that we, Alexander & Vann, LLP, Attorneys at Law, Thomasville, Thomas County, Georgia, have personally caused the following public records to be examined: deed records, general execution dockets and lien dockets in the Office of the Clerk of the Superior Court of the county in which the property is located; tax records of the Tax Commissioner's Office and City Tax Office (if applicable) of the county in which the property is located; and records of the Probate Court of the county in which the property is located, for a period of time at least 50 years prior to the date hereof, insofar as said records affect title to the land and property described as follows, to-wit:

All that tract or parcel of land consisting of 285.69 acres located in Land Lots 322 and 323 of the 17th Land District of Thomas County, Georgia, and more particularly identified as Tract 1 on that plat of survey prepared by Cary B. Wetherington, Georgia Registered Land Surveyor Number 2899, dated 9/7/03 and recorded in Plat Cabinet 4, Folio 38D, among the deed records of Thomas County, Georgia.

This is a portion of the property described in that deed from Fulton National Bank of Atlanta, as Successor Executor and Trustee of the Last Will and Testament of E. A. Dawes, to Mrs. Gladys H. Dawes, Mrs. Jean Dawes Manley, Mrs. Jean M. Schwartz, Gladys Carolyn Newman and William A. Newman, Successor Trustees under Item 3, Will of E. A. Dawes, dated March 9, 1973 and recorded in Deed Book 127, Pages 499-500 among the deed records of Thomas County, Georgia.

    Based upon our examination of said records and assuming that all instruments affecting title to said property have been properly indexed, we are of the opinion that as of January 25, 2016 at 5:00 p.m., fee simple title to the above-described property is vested in **WHISPERING PINES, INC., a Nevada corporation** subject, however, to the following exceptions to title:

1.   The subject property is carried on the Thomas County Tax Assessor's roles in the name of Whispering Pines, Inc. and is identified as 22955 GA Hwy 3 at Rook Road and Tax Parcel 65-33.

    The subject property is subject to 2016 County-State ad valorem taxes and taxes for subsequent years.

    The 2015 County-State taxes were paid in the amount of $13,647.86.

2.   The rights reserved in that Executor's Deed from Mrs. C. A. MacIntyre, as Executrix of the Last Will and Testament of W. I. MacIntyre, to R. S. Burch dated May __, 1930 and recorded in Deed Book 4-T, Page 68 among the deed records of Thomas County, Georgia.

3.   Easement from E.A. Dawes to the City of Thomasville dated July 31, 1958 and recorded in Deed Book 8-U, Page 361 among the deed records of Thomas County, Georgia.

4.   Right of Way Easement from E.A. Dawes to the Georgia Power Company dated March 31, 1960 and recorded in Deed Book 9-C, Page 171 among the deed records of Thomas County, Georgia.

5.   Right of Way Easement from E.A. Dawes (Estate) to the Thomas County, Georgia dated April 20, 1966 and recorded in Deed Book 27, Page 193 among the deed records of Thomas County, Georgia.

6.   All matters shown on the Plat of Survey recorded in Plat Cabinet 4, Folio 38-D.

7.   Deed to Secure Debt from Polyidus Partners, LP, a Georgia limited partnership to Commercial Bank dated March 29, 2007 and recorded in Deed Book 1388, Page 28, as modified by

a Substitution of Collateral dated September 3, 2009 and recorded in Deed Book 1592, Page 109, both among the Deed Records of Thomas County, Georgia.

8. A Modification and Assumption Agreement entered into between Whispering Pines, Inc., Polyidus Partners, LP, Robert Thomas III Revocable Trust and Commercial Bank division of Synovus Bank dated October 25, 2014 and recorded in Deed Book 1929, Pages 205-211 of the Deed Records of Thomas County, Georgia.

9. A Deed to Secure Debt and Security Agreement from Whispering Pines, Inc to Commercial Bank, A Division of Synovus Bank dated October 25, 2014 and recorded in Deed Book 1929, Pages 212-230 of the Deed Records of Thomas County, Georgia.

10. An Assignment of Leases and Rents entered into between Whispering Pines Inc. and Commercial Bank, A Division of Synovus Bank dated October 25, 2014 and recorded in Deed Book 1929, Pages 231-241 of the Deed Records of Thomas County, Georgia.

11. A UCC with Whispering Pines, Inc. as Debtor and showing in Section 2 under Debtor's name, Commercial Bank, a division of Synovus Bank (NOTE: We believe that Commercial Bank, a division of Synovus Bank should have been inserted in the Secured Party's Section No. 3). The UCC was recorded November 6, 2014 in Deed Book 1929, Pages 242-246 of the Deed Records of Thomas County, Georgia.

12. The documents listed in Nos. 7, 8, 9, 10, 11 above were assigned in an Assignment of Note and Other Loan Documents by Synovus Bank to RH Fund X, LLC, an Oregon Limited Liability Company, by an Assignment dated September 22, 2015 and recorded in Deed Book 1986, Pages 107-113 of the Deed Records of Thomas County, Georgia.

13. Whispering Pines, Inc., the owner of the property, is a debtor in a pending Chapter 11 Bankruptcy Case filed in the Bankruptcy Court for Nevada and identified as Case # 15-13891-abl, and the subject property is a part of the Bankruptcy estate in that Case.

14. All easements and rights-of-way, whether visible or not and in writing or not which are not recorded.

15. Title to that portion of the above-captioned property embraced within the bounds of roads, highways, easements and rights-of-way.

16. Rights of upper and lower riparian owners in and to the waters of rivers, creeks or branches crossing or adjoining the property, if any, and the natural flow thereof, free from diminution and pollution.

**We have not examined and do not certify as to the following:**

(a) The actual possession of the above-described property or rights of any tenants in possession;

(b) Any state of facts which might be ascertained from a personal inspection, environmental inspection or accurate survey of the above-described property;

(c) The status of zoning or other ordinances or regulations affecting the above-described property and any violation of zoning or other ordinance or regulation applicable to the above-described property. It should be noted that zoning violations and violations of other ordinances may affect marketability of title;

(d) Whether the above-described property lies within an area designated by the Department of Housing and Urban Development or any government, governmental or other entity as a flood plain;

(e) The invalidity and unenforceability of any lien or any mortgage or security deed described above to the extent that such invalidity or unenforceability or claim thereof is based upon any consumer protection or truth-in-lending law;

(f) All matters not appearing of record;

(g) The rights of any person or persons in and to growing crops or agricultural allotments or quotas relevant to the above-described property;

(h) The unmarketability of title resulting from the filing of an involuntary or voluntary petition in bankruptcy against or by the above-described person(s) or entity(ies) in whom title is vested or his or her or its predecessors in title; unless notice of the bankruptcy was of record filed and indexed in the deed records in the office of the Clerk of the Superior Court where the land lies in compliance with Section 44-14-590, O.C.G.A., during the period of time that the person or entity involved held title to the subject property.

(i) Possible liens of architects, laborers or materialmen for improvement of the property, not filed for record at the effective date hereof;

(j) Whether or not the documents in the chain of title were executed to or from a party of sound and disposing mind or to or from a nonexisting or deferred corporation, or to or from any fictitious person or entity.

This Certificate of Title is directed **ONLY** to the addressee above, and no other person, firm, corporation or other entity may rely on this certificate.

ALEXANDER & VANN, LLP

By: _____
John Turner Holt, Partner

Attorneys at Law
411 Gordon Avenue
Thomasville, Georgia 31792

U:\John\Re16\Whispering Pines PCT 2 2016.doc